FILED
SUPERIOR COURT
OF GUAM

2020 FEB -4 PM 12: 06

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0024-20 |
| vs. | DECISION AND ORDER |
| EDWIN KOFOT, | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on January 31, 2020, for hearing on Defendant Edwin Kofot's ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50 for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present with counsel, Assistant Public Defender Alisha Molyneux, and Assistant Attorney General Brendlynn Joseph was present on behalf of the People of Guam ("the Government"). In accordance with its ruling from the bench on January 31, 2020, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

### BACKGROUND

On January 21, 2020, Defendant was indicted with two counts of First Degree Criminal Sexual Conduct (As a First Degree Felony); three counts of Second Degree Criminal Sexual Conduct (As a First Degree Felony); and two counts of Violation of a Court Order (As a Misdemeanor). (Indictment, Jan. 21, 2020). These charges stem from allegations that

Defendant engaged in sexual penetration and sexual contact with two minors under fourteen years of age, I.T. (DOB: 10/10/2007) and P.T. (DOB: 11/02/2008), on or about the period between November 1, 2019 and December 31, 2019. (Decl. of Sean E. Brown, Magistrate's Compl., Jan. 11, 2020). It is further alleged that Defendant threatened to kill I.T. and P.T. if they "snitch." *Id.* During the time of these allegations, Defendant was released on pre-trial release conditions in CM0348-18. *Id.*

On January 27, 2020, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $10,000.00 cash bail. *See* Commitment Order, Jan. 11, 2020. On January 30, 2020, the Government filed its Opposition.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the ten thousand dollar ($10,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Jan. 27, 2020.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:
   (i)    length of his/her residence on Guam;
   (ii)   his/her employment status and history, and financial condition;
   (iii)  his/her family ties and relationships;
   (iv)   his/her reputation, character and mental and physical condition;
   (v)    his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
   (vi)   his/her history relating to drug or alcohol abuse;

(vii)  the identity of the reasonable members of the community who will vouch for his/her reliability;

(viii)  whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

(ix)  his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community.

"Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a twenty-one (21) FSM citizen who has resided on Guam for two years; has a low ORAS score; and a minimal criminal record. (Mot. Bail Redetermination at 4). Defendant states that he will reside with his partner and their two minor children, and that their landlord and neighbor have law enforcement backgrounds. *Id.* Defendant also alleges that the "victims are fabricating the story based on the ill will of the alleged victims' mother." *Id.* Defendant further requests his immediate release so that he can attend his father's funeral in Chuuk. *Id.*

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with safety of the community and whether Defendant will return to court as ordered. Defendant is charged with multiple counts of felony criminal sexual conduct against two minors who lived in the same household. Defendant faces a minimum sentence of fifteen (15) years with up to two life sentences for the two counts of the First Degree Criminal Sexual Conduct (As a First Degree Felony). *See* 9 G.C.A. § 25.15(b). Such a lengthy potential sentence would give anyone so accused considerable incentive to avoid future court hearings in the matter. Defendant is also charged with Violation of a Court Order, whereby it is alleged that he knowingly violated his conditions of release in CM0348-18, in that he was enjoined from harassing, annoying, or molesting family or household members. *See* Order of Conditional Release and Appearance Bond in CM0348-18, Aug. 2, 2018.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns at this time. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians or release on electronic monitoring in the future. Additionally, should the Government have any indication that its ability to prove the charges against Defendant beyond a reasonable doubt considering

Defendant's allegations that the alleged victims fabricated the story underlying this matter, it shall immediately inform the Court.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. Further Proceedings are set for March 16, 2020 at 10:00 a.m.

**IT IS SO ORDERED,** *nunc pro tunc* to January 31, 2020, this ___**FEB 04 2020**___.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of (S 2) MBL

Date: FEB 04 2020 Time: 12:10

Deputy Clerk, Superior Court of Guam

*People v. Kofot*
Case No. CF0024-20
Decision and Order